UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22959-CV-O'SULLIVAN

[CONSENT CASE]

BENIGNO PEREZ and all others similarly )
situated under 29 U.S.C. 216(B), )
                                                                    )
                       Plaintiff, )
vs. )
                                                                   )
EAGLE RECYCLING, LLC )
JORGE L.VELAZQUEZ, )
                                                                  )
                     Defendants. )
_____ )
                                                                  )

## **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

Plaintiff, by and through the undersigned counsel, hereby files this Motion for Entry of Final Default Judgment, and states the following in support thereof:

1. On October 23, 2015, this Court entered an Order approving the settlement agreement entered into by the parties to this Fair Labor Standards Act action. [DE 49].

2. The Order dismissed the action, closed the case, and included language expressly retaining jurisdiction to enforce the terms of the settlement agreement. [DE 49].

3. Under the settlement agreement, Defendants were required to make an initial payment of $7,000.00 and then twelve equal monthly installment payments of $1,916.67 totaling $ 30,000.00.

4. By agreement, any failure by Defendants to make the required payments would entitle Plaintiff to move the Court for entry of a default final judgment against Defendants in the sum of $35,000.00 less any sums Defendants have already paid toward the Settlement Sum.

5. The settlement agreement approved by the Court will be provided to the Court directly as it contains confidential information.

6. Defendants made 6 installment payments totaling $11,750.01 but the installment payment dated February 24, 2016 was returned for insufficient funds. *A true and correct copy of the returned check is attached hereto as **Exhibit "A."***

7. On or about March 6, 2016, Plaintiffs' counsel sent written notification via e-mail, and on March 8, 2016 via facsimile, to Leslie W. Langbein, Esq., on behalf of Defendants, putting her on notice of the returned installment check for insufficient funds. *True and correct copies of the e-mail and facsimile notifications are attached hereto as **Exhibit "B."***

8. Defendants were required under the Settlement Agreement to cure the breach within 4 days. *See* Settlement Agreement ¶5(f).

9. As of the date of filing this Motion, Defendants have failed to cure said breach in accordance with the Settlement Agreement.

10. Plaintiff, therefore, respectfully requests the Court enter a Final Default Judgment against Defendants, JORGE L. VELAZQUEZ and EAGLE RECYCLING, LLC, jointly and severally, for the amount of Twenty-Three Thousand Two Hundred and Forty-Nine dollars and 99/100 Cents ($23,249.99) which is the sum of $35,000.00 less $11,750.01. Additionally, Plaintiff further request that upon collection of the judgment, Plaintiffs' counsel should be entitled to additional fees against Defendants, JORGE L. VELAZQUEZ and EAGLE RECYCLING, LLC, jointly and severally, to be determined by the Court and asks the Court to retain jurisdiction in said determination of said fees and costs upon collection of the judgment.

## **MEMORANDUM OF LAW**

A. **Entitlement to future fees in re: collection of default judgment:**

Pursuant to *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009), attorney's fees related to collection on a final judgment is available in FLSA cases. Stating;

> [i]n *Doden v. Plainfield Fire Protection Dist.,* 108 F. 3d 1379 (7th Cir. 1997), suggests that attorney's fees for post-judgment work may be available in FLSA cases. In *Doden,* the district court denied the plaintiff's request for attorneys fees in collecting a judgment finding that the plaintiff's efforts were unnecessary because the defendant was willing, ready and able to pay the judgment. 2008 U.S. Dist. LEXIS 72327, [WL] at * 2. The district court's reasoning for denying the fee request suggests that the district court may have awarded the fees had the plaintiff's attorney's efforts been necessary. On appeal, the Seventh Circuit affirmed the district court's decision noting that the record supported the district court's finding that the plaintiff's engaged in unnecessary efforts relating to the judgment. "This is a clear, concise, and reasonable explanation of why attorneys' fees were not awarded for these motions, and thus, the district court did not abuse its discretion in the denial of fees." 2008 U.S. Dist. LEXIS 72327, [WL] at *5.

This court in the *DiFrancesco* decision further stated:

> The courts have awarded post-judgment collection fees in cases involving other federal statutes. In *Free v. Briody,* 793 F. 2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an

>  award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." *Id.* at 808. The circuit court further noted that "the entry of the judgment is not the end of the litigation . . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Id.* at 809.

Plaintiff's attorneys will have to exert more time and effort in collection of the default judgment resulting from the underlying FLSA case and as a result should be awarded reasonable attorney's fees pursuant to *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009) entitling Plaintiff's attorneys to fees in collection of the default judgment.

WHEREFORE, Plaintiff respectfully requests the Court enter a Final Judgment against Defendants, JORGE L. VELAZQUEZ and EAGLE RECYCLING, LLC, jointly and severally, for the amount of Twenty-three thousand two hundred and forty-nine dollars and 99/100 Cents ($23,249.99) and that the Court retain jurisdiction to determine reasonable fees and costs upon collection of the final default judgment against Defendants, JORGE L. VELAZQUEZ and EAGLE RECYCLING, LLC, jointly and severally.

## CERTIFICATE OF CONFERRAL

I hereby certify that I made a reasonable effort to confer with counsel for the opposing party in a good faith effort to resolve the matter.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
*Attorney For Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766

                                      Fax: (305) 865-7167
                                      Email: ZABOGADO@AOL.COM

                              By: /s/ J.H. Zidell
                                  J.H. Zidell, Esq.
                                  Florida Bar Number: 0010121

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 3/22/2016 TO:**

**Leslie W. Langbein**
Langbein & Langbein
8181 NW 154 Street
Suite 105
Miami Lakes, FL 33016
305-556-3663
Fax: 556-3647
Email: langbeinpa@bellsouth.net

**BY:** /s/ J.H. Zidell
        J.H. Zidell